# SUPREME COURT OF THE UNITED STATES

DR. A., ET AL. *v.* KATHY HOCHUL, GOVERNOR OF
NEW YORK, ET AL.

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

No. 21–1143.   Decided June 30, 2022

The petition for a writ of certiorari is denied.

JUSTICE THOMAS, with whom JUSTICE ALITO and
JUSTICE GORSUCH join, dissenting from the denial of certiorari.

In August 2021, New York mandated that all healthcare
workers receive a COVID–19 vaccine. See 10 N. Y. Admin.
Code §2.61 (2021). It did so to "stop the spread" of the then-
prevailing Delta variant of the COVID–19 virus. New York
State Governor's Office, Governor Cuomo Announces
COVID–19 Vaccination Mandate for Healthcare Workers
(Aug. 16, 2021), https://www.governor.ny.gov/news/governor
-cuomo-announces-covid-19-vaccination-mandate-healthcare-
workers. The State exempted employees from the mandate
if vaccination would be "detrimental to [their] health."
§2.61(d)(1). However, the State denied a similar exemption
to those with religious objections. See *Dr. A.* v. *Hochul*, 595
U. S. \_\_\_, \_\_\_ (2021) (GORSUCH, J., dissenting from denial
of application for injunctive relief) (slip op., at 3). Conse-
quently, those who qualified for the broad medical exemp-
tion simply had to employ standard protective measures
and could keep their jobs. But those who objected for reli-
gious reasons would be fired, even if they took the same pro-
tective measures. See *id.*, at \_\_\_–\_\_\_ (slip op., at 3–5).

Petitioners are 16 healthcare workers who served New
York communities throughout the COVID–19 pandemic.
They object on religious grounds to all available COVID–19

vaccines because they were developed using cell lines de-
rived from aborted children. Pet. for Cert. 8. Ordered to
choose between their jobs and their faith, petitioners sued
in the U. S. District Court for the Northern District of New
York, claiming that the State's vaccine mandate violated
the Free Exercise Clause. The District Court agreed and
issued a preliminary injunction. ___ F. Supp. 3d ___, ___,
2021 WL 4734404, *8 (Oct. 12, 2021). The Court of Appeals
reversed. *We the Patriots USA, Inc.* v. *Hochul*, 17 F. 4th
266 (CA2 2021) *(per curiam)*; *We the Patriots USA, Inc.* v.
*Hochul*, 17 F. 4th 368 (CA2 2021) *(per curiam)*. This Court
then denied petitioners' emergency application to reinstate
the injunction, which three of us would have granted. See
*Dr. A.*, 595 U. S., at ___ (slip op., at 1). Since then, "every
Petitioner except one has been fired, forced to resign, lost
admitting privileges, or been coerced into a vaccination."
Pet. for Cert. 13–14, and n. 10.

Petitioners now ask us to review the Court of Appeals'
decision vacating the District Court's preliminary injunc-
tion. I would grant the petition. We have held that a
"law . . . lacks general applicability if it prohibits religious
conduct while permitting secular conduct that undermines
the government's asserted interests in a similar way." *Ful-
ton* v. *Philadelphia*, 593 U. S. ___, ___ (2021) (slip op., at 6).
Yet there remains considerable confusion over whether a
mandate, like New York's, that does not exempt religious
conduct can ever be neutral and generally applicable if it
exempts secular conduct that similarly frustrates the spe-
cific interest that the mandate serves. Three Courts of Ap-
peals and one State Supreme Court agree that such re-
quirements are not neutral or generally applicable and
therefore trigger strict scrutiny.[1] Meanwhile, the Second

——————

[1] See *Monclova Christian Academy* v. *Toledo-Lucas Cty. Health Dept.*,
984 F. 3d 477, 482 (CA6 2020); *Midrash Sephardi, Inc.* v. *Surfside*, 366

Circuit has joined three other Courts of Appeals refusing to apply strict scrutiny.[2]  This split is widespread, entrenched, and worth addressing.

This case is an obvious vehicle for resolving that conflict. The New York mandate includes a medical exemption but no religious exemption, even though "allowing a healthcare worker to remain unvaccinated undermines the State's asserted public health goals equally whether that worker happens to remain unvaccinated for religious reasons or medical ones." *Dr. A.*, 595 U. S., at \_\_\_ (opinion of GORSUCH, J.) (slip op., at 8).  The Court could give much-needed guidance by simply deciding whether that single secular exemption renders the state law not neutral and generally applicable.

Moreover, I would not miss the chance to answer this recurring question in the normal course on our merits docket. Over the last few years, the Federal Government and the States have enacted a host of emergency measures to address the COVID–19 pandemic.  Many were not neutral toward religious exercise or generally applicable.  See, *e.g., Tandon* v. *Newsom*, 593 U. S. \_\_\_, \_\_\_ (2021) (*per curiam*) (slip op., at 4) (listing four other cases from the Ninth Circuit alone); *Roman Catholic Diocese of Brooklyn* v. *Cuomo*, 592 U. S. \_\_\_ (2020).  Circumstances forced us to confront challenges to those measures in an emergency posture, a practice that Members of this Court have criticized.  See, *e.g., Merrill* v. *Milligan*, 595 U. S. \_\_\_, \_\_\_ (2022) (KAGAN, J., dissenting from grant of application for stay) (slip op., at 11) (lamenting use of the so-called "shadow docket to signal

—————

F. 3d 1214, 1234–1235 (CA11 2004); *Fraternal Order of Police* v. *Newark*, 170 F. 3d 359, 365–366 (CA3 1999); *Mitchell Cty.* v. *Zimmerman*, 810 N. W. 2d 1, 15–16 (Iowa 2012).

  [2] See *We the Patriots USA, Inc.* v. *Hochul*, 17 F. 4th 266, 284–290 (CA2 2021) (*per curiam*); *Doe* v. *San Diego Unified School Dist.*, 19 F. 4th 1173, 1177–1178 (CA9 2021); *Doe 1–6* v. *Mills*, 16 F. 4th 20, 29–31 (CA1 2021); *303 Creative LLC* v. *Elenis*, 6 F. 4th 1160, 1186 (CA10 2021), cert. granted, 595 U. S. \_\_\_ (2022) (granting certiorari to review a Free Speech Clause claim).

THOMAS, J., dissenting

or make changes in the law, without anything approaching full briefing and argument"). Here, the Court could grant a petition that squarely presents the disputed question and consider it after full briefing, argument, and deliberation.

Unfortunately, the Court declines to take this prudent course. Because I would address this issue now in the ordinary course, before the next crisis forces us again to decide complex legal issues in an emergency posture, I respectfully dissent.